# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE WOODSON,<br><br>               Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>               Defendant. | Case No. CV 15-03993-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On May 27, 2015, Jeanette Woodson ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on September 8, 2015. On February 2, 2016, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 51-year-old female who applied for Supplemental Security Income benefits on November 30, 2011, alleging disability beginning August 31, 2010. (AR 14.) The ALJ determined that Plaintiff engaged in substantial gainful activity during the year 2011.[1] (AR 16.)

Plaintiff's claim was denied initially on April 6, 2012. (AR 14.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Dean Yanohira on August 2, 2013, in Norwalk, California. (AR 14.) Plaintiff appeared and testified at the hearing but chose not to be represented by counsel. (AR 14.) Vocational expert ("VE") Jeanine Metildi also appeared and testified at the hearing. (AR 14.)

The ALJ issued an unfavorable decision on September 26, 2013. (AR 14-24.) The Appeals Council denied review on March 26, 2015. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered the consultative examiner's findings.
2. Whether the ALJ properly considered whether the Plaintiff meets or equals Listings 1.02 and 1.03.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

---

[1] Claimant was documented as earning $13,229 in 2011. Claimant confirmed at the hearing she worked until 2011. However, the Claimant had since stopped working. (AR 16.)

2

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

3

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff engaged in substantial gainful activity during the year 2011 but stopped working thereafter. (AR 16.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: lumbar spine degenerative disc disease, cervical spine sprain, left hip arthritis, bilateral knees degenerative joint disease, left hand/wrist arthritis, and depressive disorder not otherwise specified. (AR 16-17.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 17-18.)

The ALJ then found that Plaintiff has the RFC to perform sedentary work, as defined in 20 C.F.R. § 416.967(a), with the following limitations:

> Claimant can lift and/or carry 10 pounds occasionally in the seated position only; stand and/or walk two hours in an eight hour workday with the use of a cane; sit for six hours in an eight hour workday; occasionally push and/or pull with the left lower extremity; no climbing; occasionally stooping, kneeling, crouching, and crawling; frequently handling, grasping, gripping, and fingering with the left upper extremity; and limited to performing unskilled, simple, and repetitive tasks.

(AR 18-23.) In determining the above RFC, the ALJ made an adverse credibility determination which Plaintiff does not challenge here. (AR 20.)

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 23.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of table worker, order clerk, and printed circuit layout paper. (AR 24.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 24.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence and properly considered whether Plaintiff meets or equals a listing.

**I.   THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

Dr. John Sedgh, a consulting internist, opined that Plaintiff cannot walk a block at a reasonable pace on rough or uneven surfaces and cannot climb a few steps at a reasonable pace with the use of a single hand rail. (AR 275.) The ALJ did not accept these limitations or

5

include them in his RFC. Plaintiff contends that the ALJ failed to provide specific, legitimate reasons for rejecting the above limitations assessed by Dr. Sedgh. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner

may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

Claimant alleges osteoarthritis, lumbar sacral disc herniation with degeneration, fractured left hip with surgical rod left femur, neuropathy, morbid obesity, tension cephalgia, and depression. (AR 19.) She had a rod placed in her left hip in 1996 but worked thereafter until 2011. (AR 19.) The ALJ assessed a sedentary RFC with limitations, including standing and/or walking no more than two hours in an eight hour workday with the use of a cane. (AR 18.)

In determining Plaintiff's RFC, the ALJ gave great weight to the opinion of orthopedic consulting examiner Dr. Richard Pollis who examined Plaintiff on April 26, 2013. (AR 20, 278-83.) Dr. Pollis diagnosed Claimant with left hip pain with degenerative arthritis, lower back pain due to discogenic disease, and cervical spine pain due to sprain. (AR 20-21, 283.) He observed that Plaintiff was using a cane held in the left hand for ambulation. (AR 21, 280.) He found that Plaintiff could lift 10 pounds occasionally in the seated position only, stand and walk two hours in an eight hour workday with appropriate breaks and use of a cane, and sit for six hours in an eight hour workday. (AR 21, 283.) The ALJ incorporated these limitations in his RFC.

The ALJ also gave significant weight to the opinion of consulting internist Dr. John Sedgh who examined Plaintiff on March 21, 2013. (AR 21, 262-275.) Dr. Sedgh noted that range of motion of the back, left knee and left hip was limited, with a moderately antalgic gait and slight swelling of the left knee. (AR 21, 286.) He assessed a light work RFC, with limitations to standing and walking for two hours in an eight hour workday and sitting for six hours in an eight hour workday. (AR 21, 267.) He found that Claimant needs a cane for walking.[2] (AR 267, 271.) He also checked a box on a Medical Source Statement Of Ability To Do Work-Related Activities (Physical) that Claimant cannot "walk a block at a reasonable pace on rough or uneven surfaces" nor "climb a few steps at a reasonable pace with the use of a single hand rail." (AR 275.)

The ALJ rejected Dr. Sedgh's Medical Source Statement check box limitations for specific, legitimate reasons. First, the ALJ found that Dr. Pollis as an orthopedist was more specialized than the internal medicine consulting examiner, and provided more credit to the Claimant's subjective pain complaints and symptoms. (AR 21.) See Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (opinion of doctor who specializes in the relevant field is entitled to greater weight). Additionally, the contradictory opinions of other physicians, in this case Dr. Pollis, is a specific, legitimate reason for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

Second, the ALJ found that Dr. Pollis' opinions were consistent with the diagnostic images and treatment records. (AR 21.) Images of Plaintiff's left hip in March 2013 showed only that Plaintiff was post-surgery. (AR 20.) Her right and left knee images showed no evidence of acute fracture or dislocation. (AR 20.)

Third, the ALJ discounted the severity of Plaintiff's subjective symptom allegations (AR 20, 23), a finding Plaintiff does not challenge. The ALJ found that treatment records reflect routine and conservative treatment, including medication management (AR 21), that indicates

---

[2] The ALJ opinion states that Dr. Sedgh found Plaintiff does not need a cane for prolonged walking. (AR 21.) This was obviously a misquote as Dr. Sedgh stated in two places Claimant did need a cane. (AR 267, 271.)

8

Plaintiff was not as limited as alleged. (AR 20.) An ALJ may consider conservative treatment in evaluating credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ also found that Plaintiff has engaged in a somewhat normal level of daily activity (AR 19), which belies any claim she is unable to ambulate effectively. Daily activities inconsistent with disabling limitations are a legitimate consideration in evaluating credibility. Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). The ALJ found that Plaintiff was capable of using the bus, even taking three buses for two hours sitting to get to the hearing. (AR 19.) She also attends church services and visits her family taking the bus. (AR 19.) The ALJ specifically cited these activities in preferring Dr. Pollis' opinion to Dr. Sedgh's. (AR 21-22.) An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216; Hensley v. Colvin, 600 F. App'x 526, 527 (9th Cir. 2015). Plaintiff offered no reply to this evidence cited by the ALJ that she has been ambulating effectively with her cane.

Plaintiff disagrees with the ALJ's RFC but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected the additional limitations assessed by Dr. Sedgh for specific, legitimate reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

## II. THE ALJ PROPERLY DETERMINED THAT PLAINTIFF DOES NOT MEET OR EQUAL A LISTING

Plaintiff contends that Plaintiff meets or equals Listings 1.02 and 1.03. The Court disagrees.

### A. Relevant Federal Law

Social Security regulations provide that a claimant is disabled if he or she meets or medically equals a listed impairment. Section 416.920(a)(4)(iii) ("If you have an impairment that meets or equals one of our listings . . . we will find that you are

9

disabled"); Section 416.920(d) ("If you have an impairment(s) which . . . is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience"). In other words, if a claimant meets or equals a listing, he or she will be found disabled at this step "without further inquiry." Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). There is no need for the ALJ to complete steps four and five of the sequential process. Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001). A claimant bears the burden of proving he or she has an impairment that meets or equals the criteria of a listing. Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005).

The listings in Appendix 1 describe specific impairments considered "severe enough to prevent an individual from doing gainful activity, regardless of his or her age, education, or work experience." Section 404.1525. An impairment that meets a listing must satisfy all the medical criteria required for that listing. Section 404.1525(c)(3); Sullivan v. Zebley, 493 U.S. 521, 530 (1990). An impairment cannot meet a listing based only on a diagnosis. Section 404.1525(d); Key v. Heckler, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

Medical equivalence will be found if the impairment "is at least equal in severity and duration to the criteria of any listed impairment." (Section 404.1526(a)). Medical equivalence is based on symptoms, signs, and laboratory findings, but not subjective symptoms. Section 404.1529(d)(3).

The Ninth Circuit in Lewis, 236 F.3d at 512, held that an ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listing. The Court further declared, "A boilerplate finding is insufficient to support a conclusion that a claimant's impairments do not do so." Id. Lewis cited as authority Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990), a case relied on heavily by Plaintiff here. Lewis, however, distinguished Marcia by noting that Marcia "simply requires the ALJ to discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do so under the heading 'Findings.'"

Lewis, 236 F.3d at 513. Lewis found that the ALJ sufficiently discussed and evaluated the evidence before concluding that the claimant did not meet a listing. Lewis also held that the ALJ's failure to discuss equivalence in that case was not reversible error because the claimant failed to offer any theory, plausible or otherwise, how his impairments combined to equal a listing impairment and because the claimant pointed to no evidence his combined impairments equal a listing. Id.

**B.     Analysis**

The ALJ determined at step three of the sequential process that Plaintiff does not meet or equal a listing. (AR 17.) Plaintiff contends that the ALJ failed to consider Listings 1.02 and 1.03 and made only an insufficient boilerplate finding. Plaintiff's contentions are meritless.

The ALJ expressly found, "No treating or examining physician has recorded findings equivalent in severity to the criteria of any listed impairment." (AR 17.) He also found that the evidence does not "show medical findings that are the same or equivalent to those of any listed impairment." (AR 17.) The ALJ specifically discussed Plaintiff's obesity and Listings 12.04 and 12.09 regarding mental impairments. (AR 17.) The ALJ was not required to discuss every listing and explain why a claimant fails to meet each one. See Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("It is unnecessary to require the [commissioner], as a matter of law, to state why a claimant failed to satisfy every different section of the listing of impairments", as long as there is adequate evaluation of the evidence).

As in Lewis, moreover, the ALJ here sufficiently discussed and evaluated all relevant evidence before concluding that Plaintiff did not meet or equal a listing. The fact that he did so in part in his RFC assessment (AR 18-23) rather than in his step three finding (AR 17-18) is immaterial. Lewis, 236 F.3d at 513 (Marcia "simply requires an ALJ to discuss and evaluate evidence that supports his or her conclusions; it does not specify that the ALJ must do so under the heading 'Findings'"); Kruchek v. Barnhart, 125 F. App'x 825, 827 (9th Cir. 2005) (adequately

11

analyzed evidence elsewhere in decision); Harris v. Astrue, 2009 WL 801347, at *7 (N.D. Cal. Mar. 25, 2007) (discussion and evaluation of evidence at step four supported ALJ's step three conclusion that impairments did not equal Listing 1.04; "Lewis does not require that support for the ALJ's conclusion be placed in a specific section of the report").

Plaintiff nonetheless asserts that the evidence of record establishes that she meets Listings 1.02 and 1.03 regarding musculoskeletal impairments. 20 C.F.R. Pt. 404, Subp. P, App. 1. Functional loss for musculosketal impairments is defined as an inability to ambulate effectively on a sustained basis. Section 1.00B2a. Listings 1.02 and 1.03 have the following requirements:

> 1.02. <u>Major dysfunction of a joint(s) (due to any cause</u>: Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s): With: A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in <u>inability to ambulate effectively, as defined in 1.00B2b.</u>
>
> 1.03. <u>Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint</u>, with <u>inability to ambulate effectively, as defined in 1.00B2b</u>, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of offset.

(Emphasis added.)

Section 1.00B2a defines inability to ambulate effectively as "an extreme limitation of the ability to walk." Ineffective ambulation generally means "insufficient lower extremity functioning (see 1.005) to permit independent ambulation without the use of a hand-held assistive device that limits the functioning of both extremities." Section 1.002b2, on which Plaintiff relies for his argument that he meets Listings 1.02 and 1.03, provides as follows:

12

> (2) *To ambulate effectively*, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, <u>the inability to walk a block at a reasonable pace on rough or uneven surfaces</u>, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and <u>the inability to climb a few steps at a reasonable pace with the use of a single hand rail</u>. The ability to walk independently about one's home without the use of assistive devises does not, in and of itself, constitute effective ambulation.

(Emphasis added.)

Plaintiff claims to meet or equal Listings 1.02 and 1.03 because: (1) the ALJ found that Plaintiff has the severe impairment of left hip arthritis (AR 16), (2) the ALJ acknowledged the impairment of bilateral knees degenerative joint disease (AR 16), (3) Dr. Sedgh opined that Plaintiff cannot walk a block at a reasonable pace on rough or uneven surfaces and cannot climb a few steps at a reasonable pace with the use of a single handrails, (4) Plaintiff has an antalgic gait, and (5) she needs a cane to ambulate.

To begin, the ALJ rejected the above limitations assessed by Dr. Sedgh. Both Listings 1.02 and 1.03 require proof of the inability to ambulate effectively, as defined by 1.00B2b. With the rejection of Dr. Sedgh's limitations, the evidence of record does not support Plaintiff's assertion that she meets or equals Listings 1.02 and 1.03. As detailed in the prior section, Plaintiff uses a cane in her left hand for ambulation and has engaged in many activities of daily living, including taking the bus and attending church services. (AR 19, 21-22, 60-62.) She took three buses to get to the hearing, which took two hours. (AR 60-61.) She also worked as an in-home care provider as recently as 2011. (AR 49, 60-62, 132.) The evidence reveals Plaintiff

has been quite functional and able to ambulate. Plaintiff offered no reply to this evidence cited by the ALJ that Plaintiff is and has been ambulating effectively with a cane.

Claimant, moreover, must show that her impairments meet "all of the specified medical criteria" for a Listing. 20 C.F.R. § 404.1525(c)(3); Sullivan, 493 U.S. at 530. The Commissioner asserts that Plaintiff does not have a major dysfunction of a joint, including any gross anatomical deformity, as required by Listing 1.02. Plaintiff's May 2013 x-ray revealed the rods and pins in her hip were in good alignment, and there was no joint space narrowing, bony destruction, or ankylosis as required by Listing 1.02. (AR 324.) The ALJ also asserts that Plaintiff has not had reconstructive surgery or surgical arthrodesis as required by Listing 1.03. The ALJ further asserts that Plaintiff's claim of bilateral knee pain does not meet or equal a Listing. Dr. Sedgh reported slight swelling in the knee. (AR 21.) Dr. Pollis reported full pain free range of motion in both knees. (AR 281-282.) Plaintiff's knee x-rays reveal degenerative joint disease but no evidence of acute fracture or dislocation. (AR 325-26.) Plaintiff also has been ambulating effectively with a cane. Plaintiff offered no reply to the arguments and evidence marshalled by the Commissioner.

Plaintiff also claims the ALJ's consideration of equivalence was legally insufficient, citing Marcia, supra. Marcia, however, was distinguished in Lewis, 236 F.3d at 514, and Burch, 400 F.3d at 683, which held that any failure to consider equivalence was not error where a claimant does not offer any theory, plausible or otherwise, as to how his or her impairments combine to equal a listing. Here, Plaintiff lumps together a number of impairments but never acknowledges or explains her routine, conservative treatment and ability to ambulate effectively with a cane.

Plaintiff did not meet her burden to show she meets or equals the criteria of Listings 1.02 and 1.03 or that either Listing applies to her. The ALJ's finding that Plaintiff does not meet or equal a listing is supported by substantial evidence.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: March 23, 2016

               */s/ John E. McDermott*
               JOHN E. MCDERMOTT
               UNITED STATES MAGISTRATE JUDGE